**Kennedys**

400 Connell Drive
Suite 700
Berkeley Heights, NJ 07922
USA

T +1 908.848.6300
F +1 908.647.8390

www.kennedyslaw.com

Direct Dial: 908 605 2949

Eric.Polishook@kennedyslaw.com

September 25, 2025

**Via e-Courts**

The Honorable Michael A. Shipp, USDJ
United States District Court of New Jersey
Clarkson S. Fisher Building
& U.S. Courthouse
402 East State Street
Trenton, NJ 08608

      Re:    <u>Rianna Michele Baratta v. Freehold Automotive Limited, Inc., et al.</u>
              Case No.: 3:25-cv-02712-MAS-JBD
              Defendants' Motion to Dismiss

Dear Judge Shipp:

We represent defendants, Freehold Automotive Limited Inc., George Mackey, Kyle Dulock and Nicole Helicher ("defendants"), in the above referenced matter. Presently pending before this Court is defendants' pre-Answer motion to dismiss Plaintiff's Complaint/Amended Complaints with prejudice pursuant to FRCP 12(b)(6). We are in receipt of plaintiff's opposition. Please accept this letter as a Reply Brief, which pursuant to Your Honor's Order is due September 29, 2025.

      **A.**    <u>**Plaintiff has failed to state a cause of action under the Fair Credit Reporting Act because she has failed to identify any provision within the Act that Defendants Breached**</u>

Plaintiff has failed to provide a legal or factual basis to hold defendants liable under the Fair Credit Reporting Act ("FCRA"). Plaintiff's broad accusation for which she seeks relief under the FCRA is that: (1) defendants ran multiple credit checks; (2) defendants inaccurately reported/

Kennedys is a trading name of Kennedys CMK LLP. Kennedys Law LLP, a UK Limited Liability Partnership, is a partner of Kennedys CMK LLP

*Kennedys offices, associations and cooperations:* Argentina, Australia, Belgium, Bermuda, Brazil, Canada, Chile, China, Colombia, Denmark, Dominican Republic, England and Wales, France, Guatemala, Hong Kong, India, Ireland, Israel, Italy, Mexico, New Zealand, Northern Ireland, Norway, Oman, Pakistan, Panama, Peru, Poland, Portugal, Puerto Rico, Russian Federation, Scotland, Singapore, Spain, Sweden, Thailand, United Arab Emirates, United States of America.

failed to correct information; and (3) defendants failed to safeguard her personal identifying information.

Regarding the allegation that defendants ran multiple credit checks, plaintiff concedes in her opposition that there is no prohibition under the FCRA for multiple credit checks to be run. Instead, plaintiff argues that "each inquiry must have a permissible purpose" and that "[o]nly Hyundai was authorized." Plaintiff's Opposition at page 22.

Plaintiff; however, appears to be misinterpreting 15 U.S.C. § 1681b(f), which provides the requirement for there to be a permissible purpose. The permissible purpose is not an issue of consent by the person whose credit is being checked, but rather one of the listed purposes under the FCRA. As discussed in defendants' moving papers, one permissible purpose under the statute is the intention to "use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to." *See* 15 U.S.C. § 1681b(a)(3)(A). As the credit checks were undisputably in reference to plaintiff seeking to purchase a vehicle on a line of credit, there was a permissible purpose present for the credit check.

It is further worth noting that in support of the proposition that additional inquiries beyond that for Hyundai Motor Finance required additional purposes, plaintiff to cites a purported case - "*Sterling v. Mercantile Bank*, 656 F. Supp. 2d 1241 (S.D. Fla. 2009). Plaintiff's Opposition at pages 10, 22. Despite a thorough search of legal research tools including LexisNexis and Westlaw, no such case can be identified. The case at 656 F. Supp. 2d 1241 is a District of Nevada case called *Paddy v. Mulkey* from 2009, which makes no reference to any issues pertinent to this matter. Further, no case titled "*Sterling v. Mercantile Bank*" could be found under a different reporter or volume.

Kennedys is a trading name of Kennedys CMK LLP. Kennedys Law LLP, a UK Limited Liability Partnership, is a partner of Kennedys CMK LLP

Kennedys offices, associations and cooperations: Argentina, Australia, Belgium, Bermuda, Brazil, Canada, Chile, China, Colombia, Denmark, Dominican Republic, England and Wales, France, Guatemala, Hong Kong, India, Ireland, Israel, Italy, Mexico, New Zealand, Northern Ireland, Norway, Oman, Pakistan, Panama, Peru, Poland, Portugal, Puerto Rico, Russian Federation, Scotland, Singapore, Spain, Sweden, Thailand, United Arab Emirates, United States of America.

Plaintiff has not provided any ascertainable source to back her claim that additional permissible purposes were required.

Regarding allegations as to defendant's allegedly providing incorrect information/failing to correct information, for the first time, plaintiff now argues that defendants forwarding title to the Department of Motor Vehicles is the basis of said violation. Of course, plaintiff made no mention of this within her Amended Complaint and a plaintiff is not permitted to cure insufficiencies in her complaint within a brief. *Pennsylvania ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 181 (3d. Cir. 1988) ("it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)); *see also Bell v. City of Philadelphia*, 275 Fed. Appx. 157, 160 (3d. Cir. 2008) ("A plaintiff 'may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment."). Regardless, sending title to the Department of Motor Vehicles, which defendant was required do as the vehicle was purchased with credit, is not furnishing information to a credit reporting agency. Therefore, such an action would not constitute a violation of the FCRA even if it were properly pled, which it was not.

Finally, plaintiff still has not pointed to any provision of the FCRA that creates a private cause of action for failure to protect personal identifying information. Nor has plaintiff provided any details of how her personal identifying information has not been protected.

Plaintiff's allegations simply do not support a cause of action under the FCRA. Therefore, Count I of the Amended Complaint must be dismissed.

### B. **Plaintiff fails to state a cause of action under the Truth In Lending Act because the only provision identified deals with Consumer Credit Disclosers and plaintiff has not identified any disclosure requirement which were not met**

Kennedys is a trading name of Kennedys CMK LLP. Kennedys Law LLP, a UK Limited Liability Partnership, is a partner of Kennedys CMK LLP

*Kennedys offices, associations and cooperations:* Argentina, Australia, Belgium, Bermuda, Brazil, Canada, Chile, China, Colombia, Denmark, Dominican Republic, England and Wales, France, Guatemala, Hong Kong, India, Ireland, Israel, Italy, Mexico, New Zealand, Northern Ireland, Norway, Oman, Pakistan, Panama, Peru, Poland, Portugal, Puerto Rico, Russian Federation, Scotland, Singapore, Spain, Sweden, Thailand, United Arab Emirates, United States of America.

In opposition to dismissal of Count II of the Amended Complaint, which purports to state a cause of action under the Truth In Lending Act, plaintiff sets forth that the Retail Installment Sales Contract is materially ambiguous because it acts as a Retail Installment Sales Contract and contains a Holder Notice. Despite plaintiff's confusing attempt to state that these aspects of the contract are mutually exclusive, there is simply no authority, or logic, to such a finding.

Of course, even if the title were to have made the contract materially ambiguous (which it does not), that would not create a private cause of action under the Truth In Lending Act. The only authority plaintiff cites in support of a violation of the Truth In Lending Act is 15 U.S.C. § 1638, which provides for certain required disclosures. Plaintiff has; however, not identified a single required disclosure that was not clearly set forth in the subject Retail Installment Sales Contract. The Truth in Lending Act only allows for a private right of action when the violation is "facially apparent." Psensky v. Am. Honda Fin. Corp., 378 N.J. Super. 221, 224 (App. Div. 2005). A general claim that a contract is ambiguous is insufficient for relief under the Truth In Lending Act.

Without any allegation that some required disclosure was not made, plaintiff fails to set forth a cause of action under the Truth In Lending Act. Therefore, Count II of the Amended Complaint must be dismissed.

    **C.**    **Plaintiff fails to state a cause of action under the New Jersey Consumer Fraud Act because she has failed to identify conduct that could constitute an unconscionable business practice as a Matter of Law**

In her opposition to dismissal of Count III of the Amended Complaint, which seeks relief for violations of the New Jersey Consumer Fraud Act, plaintiff contends that defendant's motion "rests on a mischaracterization of the contract and disregard of the statutory requirements." Plaintiff's Opposition at page 30. But what plaintiff fails to appreciate is that not every statutory

Kennedys is a trading name of Kennedys CMK LLP. Kennedys Law LLP, a UK Limited Liability Partnership, is a partner of Kennedys CMK LLP

*Kennedys offices, associations and cooperations:* Argentina, Australia, Belgium, Bermuda, Brazil, Canada, Chile, China, Colombia, Denmark, Dominican Republic, England and Wales, France, Guatemala, Hong Kong, India, Ireland, Israel, Italy, Mexico, New Zealand, Northern Ireland, Norway, Oman, Pakistan, Panama, Peru, Poland, Portugal, Puerto Rico, Russian Federation, Scotland, Singapore, Spain, Sweden, Thailand, United Arab Emirates, United States of America.

or contractual duty implicates the New Jersey Consumer Fraud Act. Instead, there must be a finding of some unlawful business practice.

As discussed in defendants' motion, the portion of the New Jersey Consumer Fraud Act which plaintiff relies upon states as follows:

> The act, use or employment by any person of any commercial practice that is unconscionable or abusive, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice; provided, however, that nothing herein contained shall apply to the owner or publisher of newspapers, magazines, publications or printed matter wherein such advertisement appears, or to the owner or operator of a radio or television station which disseminates such advertisement when the owner, publisher, or operator has no knowledge of the intent, design or purpose of the advertiser.

N.J.S.A. § 56:8-2. The only conduct which plaintiff actually claims was unconscionable within her opposition brief is "withholding the key as leverage[.]" Plaintiff's opposition at page 32. However, as set forth in defendants' motion, plaintiff agreed to wait to receive the second key until the vehicle's financing was confirmed. This is admitted within the Certification of Richard Baratta, plaintiff's father, upon which plaintiff herself relies; Mr. Barratta certified that he and his daughter could simply refuse to move forward with the deal at certain points if they were not satisfied. *See* Plaintiff's Opposition at page 70.

Plaintiff was thus not "coerced" into signing anything during the sale of the vehicle. In fact, with no waivers or admissions, during the subject sale she continuously dictated or attempted to dictate the terms which would be used (i.e. for example, how plaintiff signed her name). Plaintiff fails to identify any unlawful business practice under the New Jersey Consumer Fraud Act. Therefore, Court III must be dismissed.

Kennedys is a trading name of Kennedys CMK LLP. Kennedys Law LLP, a UK Limited Liability Partnership, is a partner of Kennedys CMK LLP

Kennedys offices, associations and cooperations:  Argentina, Australia, Belgium, Bermuda, Brazil, Canada, Chile, China, Colombia, Denmark, Dominican Republic, England and Wales, France, Guatemala, Hong Kong, India, Ireland, Israel, Italy, Mexico, New Zealand, Northern Ireland, Norway, Oman, Pakistan, Panama, Peru, Poland, Portugal, Puerto Rico, Russian Federation, Scotland, Singapore, Spain, Sweden, Thailand, United Arab Emirates, United States of America.

**D.      Plaintiff fails to state a cause of action for Breach of Contract because she Fails to identify any provision of any contractual obligation which Defendants failed to meet**

In her opposition to dismissal of Court IV of the Amended Complaint, which is a claim for breach of contract, plaintiff recites a number of alleged legal principles that she purports that defendants violated. However, none are contractual and none demonstrate a breach of contract; as such the claims fail as a matter of law.

Again, the elements of breach of contract are (1) the parties entered into a contract; (2) the plaintiff did what was required of them under the contract; (3) the defendant did not do what the contract required if them; and (4) the defendant's failure caused a loss to the plaintiff. *See Woytas v. Greenwood Tree Experts, Inc.*, 237 N.J. 501, 512 (2019). As set forth in defendants' moving papers and herein, plaintiff has not, and cannot, point to a provision within any contract between the parties which defendants breached.

Plaintiff's discussion of whether defendants coerced plaintiff into signing the contract or violated the New Jersey Consumer Fraud Act, while being completely baseless, is also irrelevant to whether plaintiff has stated a cause of action for breach of contract.

Therefore, plaintiff cannot sustain her claim for breach of contract as a matter of law, and Count IV must be dismissed.

**E.      Plaintiff fails to state a cause of action under the Fair Debt Collection Practices Act as there is no legal theory which would allow plaintiff to hold Defendants liable for the actions of Hyundai Motor Finance and Hyundai Capital America**

In her opposition to dismissal of Count V, plaintiff continues to regurgitate her misplaced contention that defendants can be held liable for a claim under the Fair Debt Collection Practices Act because the entities which allegedly harassed plaintiff, Hyundai Motor Finance and Hyundai Capital America, are agents of defendants. Both legally and factually, plaintiff is wrong.

Kennedys is a trading name of Kennedys CMK LLP. Kennedys Law LLP, a UK Limited Liability Partnership, is a partner of Kennedys CMK LLP

Kennedys offices, associations and cooperations: Argentina, Australia, Belgium, Bermuda, Brazil, Canada, Chile, China, Colombia, Denmark, Dominican Republic, England and Wales, France, Guatemala, Hong Kong, India, Ireland, Israel, Italy, Mexico, New Zealand, Northern Ireland, Norway, Oman, Pakistan, Panama, Peru, Poland, Portugal, Puerto Rico, Russian Federation, Scotland, Singapore, Spain, Sweden, Thailand, United Arab Emirates, United States of America.

As an initial matter, it is not entirely clear which documents plaintiff is using to suggest an agency relationship. Plaintiff seems to reference the Credit Application, the Retail Installment Sales Contract, and a Sale and Service Agreement which plaintiff included within her Amended Complaint as Exhibit G1.

While the Credit Application provides some rights to the financing institutions by which a credit check was being performed, there is simply no language discussing control of those separate institutions by defendants.

Regarding the Retail Sales Installment Contract, while Freehold Automotive assigned its rights to Hyundai Motor Finance under that contract, despite plaintiff's claims, there is no control provision that would create an agency relationship. Plaintiff makes a bare allegation that the assignment of rights was not absolute but there is simply nothing within the contract which supports this conclusion.

Finally, Exhibit G1 to the Amended Complaint, a Sale and Service Agreement which plaintiff appears to have found online, has nothing to do with this matter. Indeed, the agreement does not name Freehold Automotive or any other defendant as a party. An agreement which does not name Freehold Automotive, or Hyundai Motor Finance for that matter, cannot create an agency relationship between those entities.

Moreover, even if an agency relationship did exist for the purposes of vicarious liability in some matters, the Fair Debt Collection Practices Act only allows for vicarious liability where the principal itself is a "debt collector" under 15 U.S.C. § 1692a(6). *See Police v. national Tax Funding L.P.*, 225 F.3d 379, 404 (3d. Cir. 2000). Plaintiff has not cited any authority which would allow for defendants – again a car dealership and its employees – to be considered debt collectors.

Kennedys is a trading name of Kennedys CMK LLP. Kennedys Law LLP, a UK Limited Liability Partnership, is a partner of Kennedys CMK LLP

*Kennedys offices, associations and cooperations:*  Argentina, Australia, Belgium, Bermuda, Brazil, Canada, Chile, China, Colombia, Denmark, Dominican Republic, England and Wales, France, Guatemala, Hong Kong, India, Ireland, Israel, Italy, Mexico, New Zealand, Northern Ireland, Norway, Oman, Pakistan, Panama, Peru, Poland, Portugal, Puerto Rico, Russian Federation, Scotland, Singapore, Spain, Sweden, Thailand, United Arab Emirates, United States of America.

To be clear, this is all to say simply that a cause of action is not feasible under the Fair Debt Collection Practices Act, so defendants have refrained from discussion of whether what plaintiff pleads is in fact harassing collection practices. While defendants have no interest in plaintiff's loan payments, if plaintiff is not making her payments, those entities which do have an interest in same would be entitled to take action. Again, because defendants have no interest in the loan, it is unknown whether plaintiff is in fact making her payments.

Therefore, plaintiff fails to state a cause of action under the Fair Debt Collection Practices Act, and Count V must be dismissed.

### F.  **The Individual Defendants must be dismissed from this action because plaintiff has still failed to identify which actions each took to form liability for any specific causes of action**

Despite plaintiff's numerous amended Complaints and voluminous briefing (as previously well-over the page limits prescribed the Court Rules, to which movants continue to object and reserving all rights), it remains unclear which causes of action she seeks to hold each defendant responsible for, and what conduct she is attempting to use to support same. For instance, regardless of whether or not plaintiff's claims are remotely substantiated (they are not), even if Freehold Automotive did breach a contract with plaintiff (and it did not), there is no allegation that George Mackey, Kyle Dulock, or Nicole Helicher were personally responsible for said contract. Plaintiff cannot state a cause of action against any individual based on her insufficient pleading.

Similarly, even if it were the case that Freehold Automotive were a debt collector and Hyundai Motor Finance/Hyundai Capital America were agents of same (again not true), it would be preposterous to say the same of George Mackey, Kyle Dulock, and Nicole Helicher as individuals. This is the case for each and every cause of action plaintiff sets forth.

Kennedys is a trading name of Kennedys CMK LLP. Kennedys Law LLP, a UK Limited Liability Partnership, is a partner of Kennedys CMK LLP

*Kennedys offices, associations and cooperations:*  Argentina, Australia, Belgium, Bermuda, Brazil, Canada, Chile, China, Colombia, Denmark, Dominican Republic, England and Wales, France, Guatemala, Hong Kong, India, Ireland, Israel, Italy, Mexico, New Zealand, Northern Ireland, Norway, Oman, Pakistan, Panama, Peru, Poland, Portugal, Puerto Rico, Russian Federation, Scotland, Singapore, Spain, Sweden, Thailand, United Arab Emirates, United States of America.

Without some indication of which causes of action plaintiff seeks to hold each individual defendant accountable for and why, plaintiff has failed to sufficiently set forth her basis for relief against the defendants under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Therefore, each of the individual defendants, George Mackey, Kyle Dulock, and Nicole Helicher, should be dismissed from this action.

### G. The Damages sought by plaintiff should be struck from the Complaint as they are incompatible with her claims and not substantiated and must be dismissed as a Matter of Law

In the instant motion, defendants seek dismissal due to impossibility of the damages alleged. The only specific damages which plaintiff specifically defends is quiet title and general "equitable relief."[1] Plaintiff argues that "quiet title" is in fact available for a vehicle under N.J.S.A. § 2A:62-1, *Pavola v. Mint Mgmt. Corp.*, *Pacifico v. Pacifico*, and *Troy v. Rutgers*. However, as is a pattern here, plaintiff plainly misstates the law.

As discussed in the moving papers, N.J.S.A. § 2A:62-1 only pertains as to "land." *Pavola v. Mint Mgmt. Corp.*, 375 N.J. Super. 397 (App. Div. 2005) does not discuss quiet title or any other transfer of possession of property. *Pacifico v. Pacifico*, 190 N.J. 258 (2007) does not involve quiet title and instead involve property rights to a marital home after divorce pursuant to a property settlement agreement. Finally, *Troy v. Rutgers*, 168 N.J. 354 (2001) does not relate to quiet title or any other property issue.

---

[1] Please note that plaintiff makes reference to damages which she "withdrew" via a settlement offer. Discussion of same was not included in the moving papers as defendants understood same to be a confidential settlement discussion. Further, as the Court is aware, plaintiff admitting some damages are not viable in a private letter does not have the effect of having same struck from the Amended Complaint. But as plaintiff admits in opposition that she cannot sustain and does not make such claims they must be dismissed.

Kennedys is a trading name of Kennedys CMK LLP. Kennedys Law LLP, a UK Limited Liability Partnership, is a partner of Kennedys CMK LLP

*Kennedys offices, associations and cooperations:* Argentina, Australia, Belgium, Bermuda, Brazil, Canada, Chile, China, Colombia, Denmark, Dominican Republic, England and Wales, France, Guatemala, Hong Kong, India, Ireland, Israel, Italy, Mexico, New Zealand, Northern Ireland, Norway, Oman, Pakistan, Panama, Peru, Poland, Portugal, Puerto Rico, Russian Federation, Scotland, Singapore, Spain, Sweden, Thailand, United Arab Emirates, United States of America.

Plaintiff cites statutes and cases to support statements. which are totally unrelated and factually incorrect. Plaintiff has failed to demonstrate that any of the equitable relief which she seeks is available as a matter of law. Therefore, defendants respectfully request that the impossible damages sought, as fully set forth in the moving papers, be dismissed.

Further, this want of "quiet title" and removal of any "fog" on the title is a superfluous demand as plaintiff is not harmed the current state of title. Plaintiff bargained for a vehicle subject to a security interest based on the loan provided by Hyundai Motor Finance.

Obviously, assuming she pays the loan as she is required to do (as are all purchasers must actually pay for the vehicles they buy), plaintiff will receive full unencumbered title. It is of course not known whether plaintiff is making her required payments.

**H.      Plaintiff's claims for Punitive Damages must be Dismissed**

In the moving papers, defendants sought dismissal of plaintiff's claim for punitive damages because she does not plead any conduct showing actual malice, wanton or willful disregard or any reckless indifference to the consequences. Therefore, plaintiff cannot be awarded punitive damages under N.J.S.A. 2A:15-5.10.

In her opposition, plaintiff makes note that treble damages are allowed under the New Jersey Consumer Fraud Act, but that is an entirely separate issue to that of punitive damages. Plaintiff does not point to any conduct which might meet the statutory requirements for punitive damages. In fact, plaintiff includes and relies upon a certification from her father stating that defendants were "professional, courteous, and genuinely interested in any explanation regarding applicable law, credit process, and special indorsement, etc." Plaintiff's Opposition at page 72. This is the antithesis of conduct which might result in punitive damages.

The punitive claims must be dismissed against all defendants as a matter of law.

Kennedys is a trading name of Kennedys CMK LLP. Kennedys Law LLP, a UK Limited Liability Partnership, is a partner of Kennedys CMK LLP

Kennedys offices, associations and cooperations:  Argentina, Australia, Belgium, Bermuda, Brazil, Canada, Chile, China, Colombia, Denmark, Dominican Republic, England and Wales, France, Guatemala, Hong Kong, India, Ireland, Israel, Italy, Mexico, New Zealand, Northern Ireland, Norway, Oman, Pakistan, Panama, Peru, Poland, Portugal, Puerto Rico, Russian Federation, Scotland, Singapore, Spain, Sweden, Thailand, United Arab Emirates, United States of America.

## **CONCLUSION**

For the foregoing reasons, as well as those discussed in the moving papers, defendants respectfully request that the Amended Complaint be dismissed in its entirety against all defendants, with prejudice.

Thank you for the Your Honor's consideration.

              Respectfully submitted,

              /s/ <u>Eric L. Polishook and Ryan Schimmel</u>

              Eric Polishook, Esq. & Ryan Schimmel, Esq.
              for Kennedys

EP/cll
cc: Rianna Michele Barratta, Pro Se Plaintiff via e-filing and certified mail return receipt requested
& The Honorable J. Brendan Day, U.S.M.J. via e-filing

Kennedys is a trading name of Kennedys CMK LLP. Kennedys Law LLP, a UK Limited Liability Partnership, is a partner of Kennedys CMK LLP

*Kennedys offices, associations and cooperations:* Argentina, Australia, Belgium, Bermuda, Brazil, Canada, Chile, China, Colombia, Denmark, Dominican Republic, England and Wales, France, Guatemala, Hong Kong, India, Ireland, Israel, Italy, Mexico, New Zealand, Northern Ireland, Norway, Oman, Pakistan, Panama, Peru, Poland, Portugal, Puerto Rico, Russian Federation, Scotland, Singapore, Spain, Sweden, Thailand, United Arab Emirates, United States of America.