UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Rianna Michele Baratta,**
Plaintiff,

V.                                                           **Civil Action No.:** 3:25-cv-02712-MAS-JBD

**FREEHOLD AUTOMOTIVE LIMITED INC.,**

 **GEORGE MACKEY,**

 **KYLE DULOCK, and**

 **NICOLE HELICHER,**

 Defendants.

## Motion to Seal Exhibits

### I. Introduction and Purpose of the Motion to Seal

Plaintiff, Rianna Michele Baratta("RMB"), *pro se*, respectfully moves this Court to file under

seal the exhibits submitted in support of her concurrently filed "Supplement to Motion to Strike."

These exhibits, which are being provided to the Court for **in camera** review, contain highly

sensitive personal and family court records, including orders and filings related to domestic

violence, contentious custody disputes, and ongoing litigation abuse. Sealing is necessary to

protect the compelling privacy interests of Plaintiff and her non-party father, to prevent the

non-party filer from succeeding in her campaign of harassment, and to protect the integrity of

these proceedings.

### II. Legal Standard For Sealing Records

1.  The Third Circuit recognizes a common law right of public access to judicial proceedings and records. However, this right is not absolute.

2.  A party seeking to seal judicial records must demonstrate that the interest in secrecy outweighs the presumption of public access. This requires showing that disclosure will result in a "**clearly defined and serious injury.**"

3.  The Court must balance the public's interest against the party's interest in privacy, considering whether less restrictive alternatives are available.

4.  Critically, courts afford heightened protection to certain categories of information, including:

    a. Family court records,

    b. Documents related to domestic violence, and

    c. Materials intended to harass or embarrass a litigant.

5.  The Court also possesses the inherent authority to manage its docket and seal records to protect a party from "**annoyance, embarrassment, oppression, or undue burden.**"

## III. Justification For Sealing Exhibits

Sealing is required here for three compelling reasons, as the exhibits contain information that is both highly sensitive and offered for a limited, non-merits purpose.

**A. The Exhibits Contain Highly Sensitive Family Court Records**

1.  The exhibits consist of court orders, motions, and correspondence from contentious family court proceedings.

2.  These documents detail a history of domestic violence, custody disputes, and sensitive financial matters.

3.  Public policy in New Jersey and federal courts alike strongly favors the confidentiality of such records to protect the safety and privacy of the individuals involved, especially victims of domestic abuse.

4.  Publicly filing these documents would defeat that purpose.

**B. Sealing is Necessary to Prevent Harassment and Litigation Abuse**

1.  The non-party filer has a documented history of weaponizing legal filings and public records to harass Plaintiff and her father.

2.  Publicly filing these sensitive documents on the federal docket would reward her bad-faith conduct and provide her with a new platform for retaliation and abuse.

3.  The Court has the inherent authority to seal records to protect a party from such vexatious conduct.

## C. The Privacy Interests Far Outweigh Any Public Interest

1.  The exhibits are not offered to prove the merits of the underlying consumer claims against Defendants.

2.  Their sole purpose is to provide the Court with context regarding the non-party filer's motive, bias, and credibility—a collateral, non-merits issue.

3.  The public's interest in this matter is therefore minimal.

4.  In contrast, the privacy interests of Plaintiff and her father (a non-party to this action) are profound.

5.  Public disclosure of their private family history, including records of domestic violence, would cause a "**clearly defined and serious injury**" for no legitimate purpose.

6.  Sealing is the only adequate and least restrictive means to protect these interests while allowing the Court to review the necessary evidence **in camera**.

## IV. Description Of Exhibits To Be Sealed

**Exhibits to Be Filed Under Seal:**

Plaintiff seeks to file the following exhibits under seal. These documents are submitted in support of the concurrently filed "Supplement to Motion to Strike" and contain sensitive information related to contentious family court proceedings, domestic violence, and personal financial matters.

- **Exhibit A: Father's Sworn Affidavit**
  - *Content:* A sworn affidavit from Plaintiff's father detailing a life-threatening domestic violence incident in December 2018 and the subsequent emergency intervention by community leaders.

- **Exhibit B: Evidence of Financial Extortion**
  - *Content:* The ransom and demand letters sent by the non-party filer regarding the $5,000 seized from Plaintiff's custodial bank account.

- **Exhibit C: Evidence of Unlawful Retaliation**
  - *Content:* The non-party filer's written admissions regarding the theft of license plates from Plaintiff's vehicle.

- **Exhibit D: Plaintiff's Letter Seeking Peaceful Resolution**
  - *Content:* The letter Plaintiff sent to the non-party after the license plate incident, requesting a peaceful resolution and buy-out of the subject property.

- **Exhibit E: State Court Orders Rejecting Filer's Fraud Claims**
  - *Content:* A collection of key judicial orders that directly refute the filer's claims of fraud.
    - **Exhibit E-1:** Judge Rescinio's Order of December 4, 2024 (finding the filer's fraud claims to be legally "misplaced").

- **Exhibit E-2:** Judge Rescinio's Order of January 13, 2025 (denying the filer's motion for reconsideration).

- **Exhibit E-3:** Judge Goode's Plenary Hearing Order of November 12, 2025 (noting "unfortunately for the Wife," the facts and law did not support her position).

- **Exhibit F: State Court Order Affirming Plaintiff's Rights**

  - *Content:* The order from Judge Cagan affirming Plaintiff RMB's ownership rights in the subject property.

- **Exhibit G: Pre-Litigation Notices to Filer**

  - *Content:* A collection of notices sent to the filer in a good-faith effort to halt the harassment before she filed in federal court.

    - **Exhibit G-1:** Cease and Desist Letter.

    - **Exhibit G-2:** Notice of Partition Action.

    - **Exhibit G-3:** Notice of Sanctions.

- **Exhibit H: Non-party Filer's Third Motion in State Court**

  - Content: The defendant's third motion misrepresenting Judge Cagan's order, seeking to alter deeded ownership and certified deeds, requesting power of attorney over Plaintiff (co-owner and adult of full legal capacity), and demanding counsel fees from a non-party.

- **Exhibit I: Non-Party Filer's Complaint/Notice (ECF Docket #38)**

  - Content: The non-party's federal filing, which is itself evidence of her intent to harass and retaliate, and is now part of the record for the Court's review.

**V. Procedural Request And Relief Sought**

1.  Plaintiff respectfully requests that the Court grant this Motion and enter an Order

    permitting the above-referenced Exhibits A through I to be filed and maintained under

    seal.

2.  The purpose of sealing is not to conceal information relevant to the merits of the claims

    against Defendants, but to protect Plaintiff and her non-party father from the harassment,

    embarrassment, and invasion of privacy that would result from the public disclosure of

    sensitive family court records and evidence of domestic abuse.

3.  This request is **narrowly tailored** to protect compelling privacy interests while still

    allowing the Court to review the evidence **in camera** for the limited purpose of deciding

    the pending Motion to Strike.

4.  **No less restrictive alternative** is available to achieve this protection.

**VI. Conclusion And Certification**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion to Seal.

The motion is made in good faith and not for any improper purpose.

I certify pursuant to 28 U.S.C. § 1746 that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Respectfully submitted,

By: _____
Rianna Michele Baratta
Pro Se Plaintiff
200 Village Center Drive.#6243.
Freehold, New Jersey [07728-9998].
347-681-0255(c)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**Rianna Michele Baratta,**
Plaintiff,

v.                                                          **Civil Action No.:** 3:25-cv-02712-MAS-JBD

**FREEHOLD AUTOMOTIVE LIMITED INC.,**
 **GEORGE MACKEY,**
 **KYLE DULOCK, and**
 **NICOLE HELICHER,**
 Defendants.

## Order Granting Motion To Seal

THIS MATTER having come before the Court on the motion of Plaintiff, **Rianna Michele Baratta** to file certain exhibits under seal; and the Court having considered the submissions; and for good cause shown;

IT IS on this _____ day of _____, 2025, ORDERED that:

1.  Plaintiff's Motion to Seal is hereby **GRANTED**.
2.  Exhibits A through I, as described in Plaintiff's motion and submitted in support of the "Supplement to Motion to Strike," shall be filed and maintained under seal, and shall not be made available on the public docket.

    **It is so ordered.**

    _____
    **HON. MICHAEL A. SHIPP, U.S.D.J.**

**CERTIFICATE OF SERVICE**

I, Rianna Michele Baratta, certify under penalty of perjury pursuant to 28 U.S.C. § 1746 that on the date below, I served the following documents:

- **Plaintiff's Supplement to Motion to Strike Unauthorized and Scandalous Filing by Non-Party; and**
- **Plaintiff's Motion to Seal Exhibits (including the Proposed Order)**

**Served Upon:**

**Eric Polishook, Esq.**                                    **(Courtesy Copies to Chambers)**
 Kennedys Law LLP
 120 Mountain View Boulevard
 P.O. Box 650
 Basking Ridge, NJ 07920

(Attorney for Defendants Freehold Automotive Limited Inc., George Mackey, Kyle Dulock, and Nicole Helicher)

**Method of Service:**
**ADS System**
**Certified Mail**

Service was made in accordance with Federal Rule of Civil Procedure 5(b)(2)(C)–(E) and Local Civil Rule 5.2.

I certify that the foregoing statements are true and correct to the best of my knowledge and belief.

Date: 12/02/2025

*Rianna Michele Baratta*
Rianna Michele Baratta
Pro Se Plaintiff